DAVID K. MILLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respond ent
Miller v. Commissioner
Docket No. 2978-76.
United States Tax Court
T.C. Memo 1977-279; 1977 Tax Ct. Memo LEXIS 162; 36 T.C.M. (CCH) 1120; T.C.M. (RIA) 770279; August 22, 1977, Filed Ralph W. Jones, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge J. M. Gussis pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, and to Rules 180 and 181, Tax Court Rules of Practice and Procedure.[1] The Court agrees with and adopts his opinion which is set forth below. *163 OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1974 in the amount of $59. The only issue is whether respondent correctly adjusted the statutory standard deduction claimed by petitioner on his 1974 tax return. Respondent's adjustment (under the provisions of section 141 of the Internal Revenue Code of 1954 applicable to the year 1974) resulted in an increase of $216 in petitioner's taxable income for that year. [2]
Petitioner failed to appear when his case was called from the trial calendar at Pocatello, Idaho on July 18, 1977. Respondent orally moved that the case be dismissed for petitioner's failure to properly prosecute his petition. Respondent *164 on June 8, 1977 filed a Motion for Summary Judgment in this case. In view of respondent's subsequent motion to dismiss made at the trial session of this Court in Pocatello on July 18, 1977 the earlier Motion for Summary Judgment is rendered moot. In his petition filed with this Court the petitioner has made numerous allegations regarding his constitutional rights. For the most part these allegations are markedly similar to those recited in the petitions filed in a group of 14 cases (which involved the issue of the correctness of adjustments to tip income and certain additions to tax) which were also set for trial in Pocatello on July 18, 1977. Petitioners in said 14 cases failed to appear when their cases were called from the trial calendar. In a Memorandum Opinion filed this date in Giles v. Commissioner, T.C. Memo. 1977-278, in which this Court granted respondent's motions to dismiss these 14 consolidated cases for failure to properly prosecute, we discussed various allegations made by petitioners in their respective petitions. In view of the similarity of the allegations in all of these cases we do not believe any useful purpose would be served by again repeating *165 the discussion set forth in our Memorandum Opinion. Since such discussion is equally applicable here, it will suffice to incorporate such discussion in this Memorandum Opinion. [3]
We have no alternative under these circumstances but to grant respondent's motion to dismiss for failure to properly prosecute. An appropriate order and decision will be entered. Footnotes
1. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
2. It appears from the statutory notice of deficiency that petitioner claimed $2,216 as a standard deduction on his 1974 tax return. Respondent's explanation of the adjustment made by him is that under section 141 of the Internal Revenue Code↩ as then applicable "[an] individual's standard deduction is 15 percent of his adjusted gross income up to a maximum deduction of $2,000…"
3. We also note that some of the other documents filed by petitioner here are verbatim copies of documents filed by the petitioners in the 14 consolidated cases.↩